UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marshall Ray Miller,    #249557, | ) C/A No. 3:08-2806-TLW-JRM |
| Petitioner, | ) |
| vs. | ) **Report and Recommendation** |
| United States Attorney General;<br>Bureau of Prisons;<br>McKither Bodison, | ) |
| Respondents. | ) |

### *Background of this Case*

The petitioner is an inmate at the Lieber Correctional Institution of the South Carolina Department of Corrections (SCDC). The South Carolina Department of Corrections website (www.doc.sc.gov) indicates that the petitioner is serving a sentence of twenty-five (25) years for a drug trafficking offense. The petitioner's conviction was entered in the Court of General Sessions for Abbeville County.

The above-captioned case was originally filed in the United States District Court for the Southern District of Georgia as a Section 2255 action. On August 8, 2008, the Honorable J. Randall Hall, United States District Judge, transferred the case to the United States District Court for the District of South Carolina, Charleston Division, as a Section 2241 action because the petitioner is challenging the execution of his federal sentence.

1

In the petition and exhibits, the petitioner discloses that he was convicted, in the Court of General Sessions for Abbeville County, for conspiracy to traffic in and was sentenced to 25 years *in his absence* while he was "in flight" in Georgia.  Later, the petitioner was caught in Georgia by Georgia law enforcement officials and charged with trafficking in methamphetamine, possession of marijuana, and felon in possession of a firearm.  The petitioner was transported to South Carolina where the sealed sentence was opened and read to the petitioner.  He was returned to Georgia where the petitioner learned that United States had "picked up [all] the Georgia State charges."  In the United States District Court for the Southern District of Georgia, the petitioner on December 6, 2004, pled guilty to the federal crime of possession of a firearm by a felon.  The United States District Court for the Southern District of Georgia sentenced him to 188 months to run **consecutive** to his state sentence.

After the petitioner was sentenced by the United States District Court for the Southern District of Georgia, the United States Marshals Service or the Federal Bureau of Prisons mistakenly sent him to FCI-Ashland in Kentucky, processed him, and admitted him to the prison population to begin commencement of his federal sentence.  BOP officials later informed the petitioner of the mistake and he was sent to South Carolina to begin his sentence with South Carolina Department of Corrections.

Based on the alleged mistake, the petitioner requests that this court declare that his federal sentence is now running concurrently to his state sentence, even though the United States District Court for the Southern District of Georgia pronounced the federal sentence to be consecutive to his South Carolina sentence.

*Discussion*

Under established local procedure in this judicial district, a careful review[1] has been made of the *pro se* petition and the Form AO 240 (motion to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S.Ct. 2197 (U.S., June 4, 2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

3

failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

It is readily apparent that the petitioner is in a *Whittlesey*-type situation of his own doing. The petitioner fled South Carolina during his trial in the Court of General Sessions for Abbeville County. After reaching Georgia, the petitioner committed other crimes, which gave rise to the federal charge in Georgia.

Many state and federal courts apply the doctrine of "fugitive disentitlement" until the escapee is brought back to the jurisdiction from which he or she escaped. For example, several prisoners who have escaped from prisons or jails in South Carolina in the past have asked this court to make collateral reviews of their convictions under 28 U.S.C. § 2254 even though they, by escaping and committing crimes in other jurisdictions (state and federal), have made it impossible for the courts of South Carolina to review their alleged claims for federal relief, and thereby satisfy the exhaustion requirement now embedded in the federal habeas corpus statute, 28 U.S.C. § 2254(b). *See*, *e.g.*, *Fowler v. Leeke*, 509 F. Supp. 544, 545-46, 61 A.L.R.Fed. 924 (D.S.C. 1979), *certificate of probable cause denied and appeal dismissed*, 644 F.2d 878 (4th Cir. 1981)[Table]; and *Lanier v. United States*, 123 F.3d 945, 946 (6th Cir.1997) ("Pursuant to this doctrine of fugitive disentitlement, we have dismissed the direct appeals of defendants who have fled the jurisdiction during an appeal and remained at large.").

The United States Court of Appeals for the Fourth Circuit has also addressed issues relating to habeas corpus actions filed by escapees who commit crimes in other jurisdictions after their escapes. *See, e.g., Whittlesey v. Circuit Court for Baltimore County*, 897 F.2d 143 (4th Cir. 1990). In *Whittlesey*, the Court, when addressing a Florida prisoner's claim that his Florida sentence would

long postpone his opportunity to get to Maryland for a state proceeding to file a collateral attack upon his armed robbery conviction, pointed out that the doors of the courts of Maryland were open for the petitioner, and that his inability to enter through those doors until completion of his Florida sentence was the price he must pay for having escaped from a Maryland prison and subsequently committing crimes in Florida:

> Whittlesey's arguments are without merit. He fails to appreciate that the difficulties he is encountering in obtaining habeas relief are difficulties he has brought on himself by escaping from prison in Maryland and committing crimes in Florida. As a general matter, it is well-settled that a criminal defendant may not flout compliance with state procedures and look to federal courts to save him from the consequences of his actions. *See Reed v. Ross*, 468 U.S. 1, 13, 104 S.Ct. 2901, 2909, 82 L.Ed.2d 1 (1984); *Wainwright v. Sykes*, 433 U.S. 72, 89-90, 97 S.Ct. 2497, 2507-08, 53 L.Ed.2d 594 (1977). Here, Whittlesey cannot expect federal courts to rescue him from the consequences of his escape and subsequent commission of crimes.
>
> Whittlesey maintains that there are no state remedies available to him; however, this simply is not the case. The doors of the Maryland state courts stand open for him to present his complaints; that he is unable to enter through those doors until completion of his Florida sentence is the price he must pay for having escaped from the Maryland prison and committed offenses in Florida. It is his own criminal misconduct which has denied Maryland courts the opportunity to hold a hearing, develop a record, and thereby address his claims on the merits. We will not command the district court to review his habeas petition when his own unlawful acts have prevented the state courts from reviewing his claims.

*Whittlesey v. Circuit Court for Baltimore County*, 897 F.2d at 145 (footnote omitted).

The above-captioned case is the second case where the petitioner has sought to obtain a court order holding that his federal sentence has already begun by virtue of the mistake made when the petitioner was erroneously sent to FCI-Ashland after pleading guilty in the United States District Court for the Southern District of Georgia. In *Marshal Ray Miller v. Warden Stan Burt*, Civil

Action No. 3:06-2755-TLW-JRM, the petitioner on October 3, 2006, brought a Section 2241 action and sought a declaratory judgment that the petitioner's federal sentence was running concurrent to his South Carolina Sentence.

In a Report and Recommendation filed in Civil Action No. 3:06-2755-TLW-JRM on October 20, 2006, the undersigned recommended summary dismissal of the petition because: (1) the petitioner had not exhausted his BOP administrative remedies; (2) the petitioner could not obtain relief, pursuant to 28 U.S.C. § 2241, to change his federal sentence from consecutive to concurrent; (3) the petitioner could not obtain relief in mandamus; and (4) a declaratory judgment could not be obtained because the petitioner had an available remedy under 28 U.S.C. § 2255. After receiving an extension of time, the petitioner filed objections to the Report and Recommendation.

In an order filed in Civil Action No. 3:06-2755-TLW-JRM on August 21, 2007, the Honorable Terry L. Wooten, United States District Judge, adopted the Report and Recommendation and dismissed the case *without prejudice.* The petitioner's subsequent appeal in Civil Action No. 3:06-2755-TLW-JRM (Fourth Circuit Docket No. 07-7423) was not successful. On November 29, 2007, the United States Court of Appeals for the Fourth Circuit dismissed the appeal. *See Miller v. Burtt*, 256 Fed.Appx. 597, 2007 U.S. App. LEXIS 27544, 2007 WL 4232943 (4th Cir., Nov. 29, 2007).

This court may take judicial notice of Civil Action No. 3:06-2755-TLW-JRM. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of

6

prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); and *United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992).

The above-captioned case is subject to summary dismissal for the same reasons Civil Action No. 3:06-2755-TLW-JRM was subject to summary dismissal. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, where the United States Court of Appeals for the Fifth Circuit commented:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

*Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d at 1296.

### *Recommendation*

Accordingly, it is recommended that the § 2241 petition be dismissed *without prejudice and without requiring the respondents to file a return*. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) ("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); *Baker v. Marshall*, 1995 U.S.Dist. LEXIS 4614, *2-*3, 1995 WL 150451 (N.D. Cal., March 31, 1995) ("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not

7

entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

The petitioner's attention is directed to the important notice on the next page.

September 18, 2008                                  Joseph R. McCrorey
Columbia, South Carolina                            United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

9