IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Marshall Ray Miller, #249557, | ) | C.A. No. 3:08-2806-TLW-JRM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| United States Attorney General; | ) | |
| Bureau of Prisons; | ) | |
| McKither Bodison; | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Joseph R. McCrorey, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.). In his Report, Magistrate Judge McCrorey recommends that the section 2241 Petition in the above captioned case be dismissed without prejudice and without requiring the respondents to file a return. (Doc. # 15). Petitioner has filed objections to the Report, (Doc. #21), as well as a motion for recusal of the magistrate and district judge (Doc. # 20).

In conducting this review, the Court applies the following standard:

The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny

1

   entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F.Supp. 137, 138 (D.S.C. 1992) (citations omitted).

  In light of this standard, the Court has reviewed, de novo, the Report and the objections thereto.  The Court accepts the Report.  The Court has also reviewed petitioner's motion for recusal of the magistrate judge assigned to this case, as well as the undersigned.  Pursuant to 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "The question is not whether the judge is impartial in fact. It is simply whether another, not knowing whether or not the judge is actually impartial, might reasonably question his impartiality on the basis of all the circumstances." Hathcock v Navistar Int'l Transp. Corp., 53 F.3d 36, 41 (4th Cir. 1995) citing Aiken County v. BSP Div. of Envirotech Corp., 866 F.2d 661, 679 (4th Cir. 1989); and Rice v. McKenzie, 581 F.2d 1114, 1116 (4th Cir. 1978). Accord People Helpers Found, Inc. v. City of Richmond, Va., 12 F.3d 1321, 1325 (4th Cir. 1993) (judge need *not* recuse himself unless his impartiality might reasonably be questioned). The mere fact that a judge has ruled adversely in this or a related proceeding is insufficient to require recusal.  See United States v. Parker, 742 F.2d 127, 128-29 (4th Cir. 1984). Rather, to require recusal, the movant must usually show *"extrajudicial"* bias or conflict.  Liteky v. United States, 510 U.S. 540, 551 (1994); United States v. Morris, 988 F.2d 1335, 1336-37 (4th Cir. 1993); United States v. Guglielmi, 929 F.2d 1001, 1007-08 (4th Cir. 1991); In re Beard, 811 F.2d 818, 827 (4th Cir. 1987); Shaw v Martin, 733 F.2d 304, 308 (4th Cir. 1984).  This Court does not conclude that a reasonable person could conclude that the impartiality of the undersigned or of Magistrate Judge McCrorey could be reasonably questioned.  For the foregoing reasons, the motion for recusal is hereby **DENIED** (Doc. # 20).

**THEREFORE, IT IS HEREBY ORDERED** that the Magistrate Judge's Report is **ACCEPTED** (Doc. # 15), petitioner's objections are **OVERRULED** (Doc. # 21); and the section 2241 Petition in the above captioned case is dismissed without prejudice and without requiring the respondents to file a return.

**IT IS SO ORDERED.**

          s/ Terry L. Wooten
          TERRY L. WOOTEN
          UNITED STATES DISTRICT JUDGE

December 12, 2008
Florence, South Carolina